Samuel HELM, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26127.

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

Mark D. Johnson, Kansas City, for appellant; Willard B. Bunch, Chief Defender, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Appellant moved in the trial court under Rule 27.26, V.A.M.R., to vacate a judgment and sentence of imprisonment on charges of burglary and stealing. The sentence in question was rendered after the entry of a plea of guilty. Appellant claims that plea was entered pursuant to a promise made by the prosecutor which the prosecutor failed to keep, and that appellant is therefore entitled to the relief prayed under Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1972).

In connection with the felonies alleged against him, appellant was also charged under the Second Offender Act. Accordingly, the maximum permissible sentence was ten years on the burglary and five years on the stealing. In the course of plea bargaining by the appellant's trial lawyer and the prosecuting attorney, the prosecutor stated that if he were to make any recommendations at all, he would have to recommend those maximum terms. He further stated that the greatest concession which he would be willing to give would be to make no recommendation at all with respect to the amount of sentence and that he would not oppose an application for parole. An agreement was reached on those terms by the attorneys, the terms were communicated to the appellant, and in ac-cordance with those terms appellant withdrew his plea of not guilty and substituted a plea of guilty.

Subsequently, a hearing was held upon appellant's application for parole. He presented testimony by his uncle who was prepared to offer appellant a job, and appellant also testified himself. Both witnesses were cross-examined by the prosecuting attorney, the cross-examination of appellant being particularly vigorous. The prosecuting attorney in testimony at the 27.26 hearing freely admitted that this cross-examination was a sufficient basis to give rise to an implication that he was against the granting of a parole and that the judge might have so concluded from his demeanor in conducting that cross-examination.

On the issue now before this Court, as to whether the prosecutor breached the agreement with respect to nonopposition to the application for parole, the trial court held as follows:

"The court finds that although there was a statement by the prosecutor made to movant's attorney and reported to movant that the prosecutor would not oppose a parole, movant has not established by credible evidence that the prosecutor did in fact 'oppose his application for parole'."

Appellant's contention here is that the quoted finding is contrary to the record, in that prosecutor's cross-examination did constitute an effective opposition to the parole.

That contention is appealing and would be persuasive, were it not for other evidence in the record explaining the scope of the understanding reached by the parties as a result of the plea bargaining. The prosecuting attorney in his testimony at the 27.26 hearing testified unequivocally that he had agreed only that he would not make an express recommendation against parole, and that he had meticulously complied with

that agreement. On this point the prosecuting attorney testified as follows:

"A  I made the statement to Mr. Hodge that I would not recommend anything and that I would not recommend a parole, I would not say no parole, * * * but I would not go along with me just playing dead on the matter, I said I wouldn't call any witnesses to get up and testify in contradiction to witnesses he would put on, but I wasn't going to just lie there and do nothing.

"Q  In other words you did tell him you would not call any witnesses in opposition to a parole?

"A  That is my recollection, yes.

"Q  But you didn't consider that to include opposition in such form as might be expressed by cross-examination and impeachment of his witnesses?

"A  No, I did not.

"Q  Do you consider that he could have thought this?

"A  I don't think he did. I thought we understood one another."

Not only did the prosecuting attorney testify to these terms, but the understanding so stated by the prosecutor was confirmed by the testimony of defense trial counsel Mr. Hodge, who testified:

"Q  Do you consider that Mr. Osborne did take no position in view of the fact that he cross-examined and attempted to impeach your witnesses who were testifying in favor of the application for parole?

"A  I considered that he followed through with his agreement with me, yes, sir.

*  *  *  *  *  *

"A * * * it was my understanding that he would participate in the parole hearing * * * I had always anticipated that he would certainly question my witnesses."

Still further, the testimony by appellant himself at the 27.26 explanation by the prosecuting attorney that the latter's agreement was confined to his simply refraining from making an express recommendation against parole. Thus, in his direct examination on this issue, appellant stated:

"Q  In effect you are basing your application on the fact that you feel there was a representation made that no recommendation would be made by the prosecuting attorney and you have had reason to believe that there was such a recommendation made adverse to your probation, is this correct?

"A  Yes."

Although appellant may have believed that the prosecuting attorney made a recommendation adverse to probation, he offered no competent evidence to support that belief, and the prosecuting attorney testified squarely to the contrary.

The only reasonable construction of the trial court's findings is that the prosecutor had agreed merely not to make any express recommendation against parole, and the evidence failed to show any violation of that agreement. That finding is not clearly erroneous and is therefore affirmed.

All concur.